# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3514 | **DATE** | May 31, 2012 |
| **CASE TITLE** | Marzan Williams (#M-27218) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to send the plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case. **The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.**

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that the correctional staff ordered him to walk on an injured foot, and that the medical staff provided inadequate care for his injury.

    The plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

    To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the

**(CONTINUED)**

mjm

**STATEMENT (continued)**

6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from November 8, 2011, through May 8, 2012].

The plaintiff must also submit an amended complaint, as the complaint on file does not name a proper defendant.

The plaintiff has no tenable federal cause of action against correctional officers who made him move his belongings despite having an injured Achille's tendon. Although correctional officials might have exhibited more sympathy, there is an ancient maxim, *de minimis non curat lex* (the law does not concern itself with trifles). *See, e.g., Carlson v. Bukovic*, 621 F.3d 610, 620-21 (7th Cir. 2010). Ordering the plaintiff to walk, and even to carry a heavy bag while using crutches, did not rise to the level of a constitutional violation.

If the plaintiff believes that the quality of his medical care was so deficient as to violate his Fourteenth Amendment rights, he must submit an amended complaint limited to his medical care and naming as defendants those individuals whose actions amounted to deliberate indifference to a serious medical need. "Medical doctors, med students, after-care doctors," in general, are not suable entities. If the plaintiff is unable to identify a specific health care provider, he should name as a defendant a supervisor in a position to ascertain the names of those who treated him.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, the plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. The Clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.