# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3514 | **DATE** | July 3, 2012 |
| **CASE TITLE** | Marzan Williams (#M-27218) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $74.15 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Illinois River Correctional Center. However, summonses shall not issue at this time. The court dismisses the amended complaint without prejudice. The plaintiff is granted thirty days in which to submit a second amended complaint (plus a judge's copy and service copies). Failure to submit a second amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. **The plaintiff is once again reminded that he must provide the court with the original plus a judge's copy of every document filed.**

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that the correctional staff ordered him to walk on an injured foot, and that the medical staff provided inadequate care for his injury.

The plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $74.15. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds **(CONTINUED)**

mjm

$10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

The plaintiff must also submit a second amended complaint, as the amended complaint he submitted does not comply with either the court's previous order or *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). By Minute Order of May 31, 2012, the court directed the plaintiff to submit an amended complaint naming as defendants those individuals whose actions he believed amounted to deliberate indifference to a serious medical need. In response, the plaintiff has submitted an amended complaint re-alleging an expressly dismissed claim, detailing deficiencies in his medical care, and raising new claims about the facility being unsafe due to potholes and puddles.

As the court previously advised the plaintiff, he cannot sue in federal court over being made to move his belongings despite having an injured Achille's tendon. Ordering the plaintiff to walk, and even to carry a heavy bag while using crutches, simply did not rise to the level of a constitutional violation. The second amended complaint must drop any such claim, as well as any defendant linked to this claim.

Furthermore, the plaintiff cannot raise new claims about jail safety in the context of this lawsuit. "Unrelated claims against different defendants belong in different suits. . . ." *George*, 507 F.3d at 607. In the context of this lawsuit, the plaintiff may pursue only his claim that jail employees acted with deliberate indifference to his medical needs. The plaintiff must bring a separate lawsuit if he wishes to challenge purportedly unsafe conditions at the jail.

The plaintiff will be given the opportunity to submit a second amended complaint limited to his medical claims. Again, the plaintiff must name as defendants those individuals who acted with deliberate indifference to his serious medicals (that is, any correctional officials who denied him access to the health care unit and/or any medical professionals who refused to provide needed care and treatment). The second amended complaint should briefly indicate how each named defendant acted with deliberate indifference (in other words, if a defendant is named in the caption and parties sections, the fact section of the complaint should somehow link that individual to the denial of medical care).

The plaintiff is granted thirty days in which to submit a second amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the second amended complaint, without reference to prior pleadings. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended **(CONTINUED)**

| STATEMENT (continued) |
|---|

complaint must include complete copies of any and all exhibits.  The plaintiff is advised to keep a copy for his files.  The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

    In sum, the plaintiff must submit a second amended complaint, plus judge's and service copies.  The Clerk will provide the plaintiff with the necessary forms along with a copy of this order.  Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.