Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3514 | **DATE** | September 7, 2012 |
| **CASE TITLE** | Marzan Williams (#M-27218) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his second amended complaint. The Clerk is directed to: (1) file the second amended complaint; (2) terminate Thomas Dart, Superintendent Franko, and Stroger Hospital as defendants pursuant to the second amended complaint and Fed. R. Civ. P. 15; (3) add Officer Burrus, Sergeant Howard, Sergeant Wiggans, and Manish Pantel as defendants; (4) issue summonses for service on the defendants by the U.S. Marshal; and (5) send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**                                                   Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that the defendants provided inadequate care and accommodations for an injured leg. The plaintiff has submitted a second amended complaint limited to a single basic claim, as directed. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007); Minute Orders of May 31, 2012, and July 3, 2012.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Johnson v. Doughty*, 433 F.3d 1001, 1017 (7th Cir. 2006) (inattention only to serious injury or signs of serious injury
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

amounts to a constitutional violation). Furthermore, the plaintiff may be entitled to relief under the Rehabilitation Act. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671-72 (7th Cir. 2012). While a more fully developed record may belie the plaintiff's claims, defendants Burrus, Howard, Wiggans, and Pantel must respond to the allegations set forth in the second amended complaint.

However, neither the Cook County Department of Corrections nor Stroger Hospital is a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *see also Fanning v. Cook County*, No. 05 C 2020, 2006 WL 385065, *3 (N.D. Ill. Feb. 15, 2006) (St. Eve, J.) (the Cook County Department of Corrections is not a suable entity); *Walker v. Dart*, No. 07 C 5552, 2008 WL 4547498, *2 (N.D. Ill. Apr. 18, 2008) (Guzman, J.) (neither Cermak Health Services nor John H. Stroger Hospital are independently suable entities). The plaintiff may proceed only against the individual jail employees.

The clerk shall issue summonses for service of the second amended complaint on the defendants. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **The plaintiff is once again reminded that he must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.