FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MARZAN WILLIAMS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 12-cv-3514 |
| THOMAS DART, WILLIAM BURRUS, SGT. DARNICE WIGGAMS, SGT. RICARDO HOWER, and MANISHA PATEL, | ) | |
| Defendants. | ) | Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Marzan Williams, originally filed this action *pro se* on May 8, 2012, alleging violation of his civil rights for injuries incurred to his Achilles' tendon while in custody with the Cook County Sheriff.[1] Following several attempts by Williams to amend his complaint to state a claim upon which relief can be granted, this Court appointed counsel to represent Williams. Appointed counsel filed a Fourth Amended Complaint [69] on October 7, 2013, alleging violations of his constitutional rights under the Fourteenth Amendment Due Process Clause and the Eighth Amendment pursuant to 42 U.S.C. § 1983 against all defendants in both their individual and official capacity, except Sheriff Thomas Dart. Williams only seeks liability against Sheriff Dart in his official capacity. Defendants filed an Answer with affirmative defenses to the individual claims and now move to dismiss [74] the official capacity claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, this Court grants the motion and dismisses the official capacity claims with prejudice.

**Background**

Marzan Williams was a pretrial detainee at Cook County Jail with a pre-existing injury, consisting of a partial tear to his Achilles tendon when, on May 10, 2011, he was transferred to the

---

[1] Since the filing of this case, plaintiff has been transferred to the custody of the Illinois Department of Corrections.

1

Division 10 medical unit. Williams used a wheelchair during the transfer. Defendant Burrus took custody of Williams upon his arrival and allegedly instructed Williams to get out of the wheelchair and, using crutches, carry a 100-pound bag with his belongings. Williams showed Burrus a medical order with the doctor's instructions not to walk. Disregarding the medical orders and Williams' condition, Burrus stated he was under the intake sergeant's orders, and made Williams walk through a tunnel, which was wet, slippery, and had large puddles. Williams slipped in a large puddle of water and fell on his injured leg. He heard a "pop" and yelled from the severe pain. Burrus called his superiors to report Plaintiff's injury. Burrus attempted to obtain a cart to transfer Williams, but none were available. Following the call, Burrus took Williams' bag, helped him to his feet, and told him he had to walk in spite of the serious injury and pain. Burrus told Williams that he should write up the incident.

Williams' leg swelled up and turned black and blue after being forced to walk. Instead of receiving immediate medical attention, Williams was told to write a request to see a doctor. He was in pain and continued requesting help and medical assistance. The tier Officer sent him to Cermak Hospital to receive medical attention. While at Cermak Hospital, Williams was told his Achilles tendon was now a complete tear. Williams was taken to Stroger Hospital, where an MRI was performed, his pain medication was increased, and he received a new cast.

After the fall and resulting injury, corrections officers continued to disregard medical orders. Defendant Hower took Williams' crutches, and told him to balance and hop on one leg to take a shower. Williams showed Hower the medical order, to no avail. During a transfer to Division 5, defendant Wiggans escorted Williams in a wheelchair, but told him to get out of the wheelchair and walk. Williams showed Wiggans the medical order, but she ignored it. As a result of these incidents, Williams' injury was further aggravated, the swelling of leg and pain increased, and his cast was damaged.

At Cermak Hospital, defendant Patel attended to Williams' injuries. Patel provided medical orders regarding Williams' mobility restrictions and pain medications. However, Patel allegedly unduly delayed Plaintiff's medical treatments, as Williams waited for over six months before undergoing surgery on his torn Achilles heel. Patel allegedly disregarded Williams' serious medical needs, including inadequate pain management and denial of physical therapy following the surgery.

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) sets forth the basic pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in the complaint must sufficiently raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss a court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

As an initial matter, this Court dismisses Count II of the Fourth Amended Complaint as duplicative. The constitutional rights of a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment as opposed to an inmate's rights under the Eighth Amendment. *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). The Seventh Circuit Court of Appeals applies the same standard to claims arising under the Fourteenth Amendment for pretrial detainees as it does to claims

brought by convicted prisoners under Eighth Amendment. *See Farnham*, 394 F.3d at 478 (citing *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

Next, defendants move to dismiss Williams' claims against the defendants in their official capacity. Courts treat an official capacity claim against a government official or an individual officer as a claim against the municipality itself. *Pourghoraishi v. Flying J. Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). A municipality can have no liability under § 1983 simply because it employs the alleged wrongdoer. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To state a claim against a municipality under § 1983, a plaintiff must identify a municipal policy or custom that caused the injury. *Id.* Municipal liability arises in three instances: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007).

Williams alleges in his Fourth Amended Complaint three separate incidents with individual Cook County Sheriffs' Deputies: Burrus, Wiggans, and Hower. Each incident is alleged as isolated. There are no factual allegations to support a policy or widespread practice of forcing pretrial detainees to walk or hop when they have presented medical orders prohibiting such activities. Williams also fails to allege that any of the named deputies is a person with final policymaking authority. Indeed, as alleged in the complaint, they are correctional officers with Cook County Jail. Williams does name Thomas Dart, Cook County Sheriff, as a defendant, but without some factual basis supporting a policy or widespread practice, Williams cannot sufficiently state a *Monell* claim for municipal liability. Accordingly, Williams' official capacity claims against defendants Burrus, Wiggans, and Hower are dismissed with prejudice.

Williams' official capacity claim against defendant Dr. Patel fails for the same reasons. There are no allegations in the complaint supporting a policy or practice of delaying medical care. Indeed, Williams alleges that extent of medical care, including surgery that was ordered by Dr. Patel. While the Court does not want to minimize Williams' injury, his individual claims against the defendants are viable, defendants have answered those claims, and Williams can proceed on those claims. Taking as true all allegations in the complaint, Williams fails to state a claim under *Monell* for liability in any defendants' official capacity.

IT IS SO ORDERED.

Date: April 15, 2014

Entered: _____

United States District Judge